The **AMERICAN NATIONAL RED CROSS** et al., Appellants,

v.

Charlotte S. **HOLTMAN** et al., Appellees.

Elmer S. **JUSTH** et al., Appellants,

v.

Charlotte S. **HOLTMAN** et al., Appellees.

Nos. 18302, 18303.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 29, 1964.

Decided May 18, 1965.

Mr. Geoffrey Creyke, Jr., Washington, D. C., with whom Messrs. Richard H. Wilmer, David R. Anderson, Herbert D. Morrison, Raymond E. Gable, and Frederick H. Livingstone, Washington, D. C., were on the brief, for appellants in No. 18302, and appellee The American National Red Cross, and certain other appellees in No. 18303. Mr. Henry M. Moore, Washington, D. C., also entered an appearance for The Salvation Army, appellant in No. 18302 and appellee in No. 18303.

Mr. James S. Gardiner, Washington, D. C., with whom Mr. James M. McCullough, Washington, D. C., was on the brief, for appellants in No. 18303 and certain appellees in No. 18302.

Mr. Ward E. Lattin, Washington, D. C., with whom Mr. Meade C. Patrick, Washington, D. C., was on the brief, for appellee Holtman.

Mr. Frederick M. Bradley, Washington, D. C., with whom Messrs. Arthur J. Phelan and James E. Murray, Washington, D. C., were on the brief, for appellee Riggs National Bank of Washington, D. C., trustee.

Before EDGERTON, Senior Circuit Judge, and WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM:

This is another case requiring us to guess at the testator's intention in an ineptly drawn will. In his will and codicil the testator placed a piece of real prop-

erty—the principal and virtually the only asset of his estate—in trust, with power in the trustee to lease the property and with directions to pay from the "net income arising" from the property specified sums monthly to each of six named individuals. At the end of a twenty-year period following the testator's death, the trustee was directed to sell the property at an advantageous price as soon as possible, and, after paying expenses, to dispose of "the net proceeds" by paying stated sums to named individuals and to divide "the remainder of said proceeds" equally among four named charitable organizations.

Since the testator's death, the property has yielded net income (from rents) in excess of the annuities given by the testator. The will directed that any "such surplus" rents were to be retained by the trustee until termination of the trust, but was entirely silent concerning whom they should be paid to upon such termination. For the years 1951–1960, inclusive, the trustee paid income taxes to the United States on the theory that the "surplus rents" were taxable income. The trustee later decided to bring suit for refund of taxes paid by it to the United States, based on the theory that the surplus rents are being permanently set aside for charitable purposes. This tax refund suit is pending in the Court of Claims of the United States. Following receipt of the trial commissioner's report and briefs, and after oral argument, that court entered an order suspending further action in the suit to afford the plaintiff trustee an opportunity to secure an interpretation of the decedent's will by suit in the District Court. The trustee then filed this suit seeking a construction of the will which would determine to whom the accumulated rents—in excess of those payable annually as annuities—should be distributed when the trust terminates on May 12, 1970.

As indicated, the issue here arises because the surplus rents received during the intervening years do not fall within the term "net proceeds" from the sale of the trust corpus at the end of the trust term, which proceeds are disposed of specifically, and the will gives no direction as to distribution of the surplus rents.[1]

■■ 1. The District Court concluded that "there is an intestacy as concerns the accumulated income and, therefore, the accumulated income should go to the next of kin, in this instance the daughter." The four charities named to take the remainder of the "net proceeds," after payment of the specific legacies, have appealed, claiming they are entitled to the accumulated income. After full consideration we agree with the District Court. We are unable to construe the term "net proceeds" from sale of the trust corpus as including the surplus trust income, and must therefore conclude that the will does not dispose of the accumulated trust income, which must pass by intestacy.

■ 2. Certain of the persons named in the testator's will to receive monthly payments out of the trust income during the trust term and a stated sum from the "net proceeds" upon the sale of the trust corpus—a nephew and his wife and three nieces of the testator—moved that the trustee be removed. They have appealed from an order of the District Court denying their motion. We affirm the court's decision. We think the trustee, if not required to do so, was at least justified in pursuing the claim for refund of Federal taxes, upon advice of counsel that the claim was meritorious and after allowance of a similar claim for refund of the District of Columbia tax. Further, we perceive no basis for the claim that these appealing annuitants were prejudiced if in fact they did not receive notice of the filing of the claims for refund

---

1. The will does not contain the usual residuary clause: it directs that the residue of the estate be converted into cash, from which "the expenses of administration, debts and all other charges, such as estate, succession and inheritance taxes" be paid.

and the filing of the suit in the Court of Claims after those claims were not allowed by the Treasury. As stated, the claims were denied administratively, and we are told that these annuitants were represented by counsel at the hearing and argument in the Court of Claims, where they had opportunity to offer all facts and arguments in their favor. They also appeared and presented their arguments in the District Court and here. No basis appears for removal of the trustee.

Affirmed.