Per Curiam :
This is a suit by the taxpayer, as trustee under the will of Joseph S. Justh (a District of Columbia *481 decedent), to recover fiduciary income taxes paid during, the years 1951 through 1960. The claim is that these taxes should not have been collected because they were levied on income permanently set aside for charitable purposes under the will.[1] As originally presented to the court, the plaintiff’s contention was that the will directed the trustee to dispose of the trust’s accumulated surplus income, at the end of the trust in 1970, to four charities (named in the will) which were to share the corpus of the trust upon its termination. The defendant countered that the will made no provision at all for this accumulated surplus income, that it would not go to the charities but would pass by intestacy.
Since this issue was wholly one “governed by the local laws of the District of Columbia,” this court, after an argument directed to that question of local law, ordered (on January 25,1963) that “further action herein in this court be and the same is suspended to afford the plaintiff an opportunity to file suit in the United States District Court for the District of Columbia for the purpose of securing an interpretation of decedent’s will.” Such a suit was brought and the District Court determined that the will did not direct that the accumulated surplus income go to the charities; rather, the District Court held, the will did not cover this income and it passed by intestacy to the next of kin. The Riggs National Bank v. Holtman, 221 F. Supp. 599 (1963). This ruling was affirmed by the Court of Appeals for the District of Columbia Circuit. The American National Red Cross, et al. v. Holtman, 351 F. 2d 746 (C.A.D.C. 1965). The ruling of the Court of Appeals is now final.
The decisions of the District of Columbia courts, which we of course accept, destroy the taxpayer’s claim as it was initially argued to us. The will did not direct that the surplus trust income be set aside for, or paid to, the charities. Accordingly, there is no basis for a charitable deduction on that ground.
*482 Taxpayer now raises, however, a secondary ground which is said to sustain recovery of a portion of the refund claimed.[2] The decedent died in 1950 and his will was admitted to probate in April 1951. In August 1951, the taxpayer, as trustee under the will, borrowed $60,000 with which to pay administration expenses, taxes, and debts. This loan was secured by the trust property (i.e., the real estate which was to go, on termination of the trust, to the four charities) and was payable out of the income derived from this property.[3] From 1951 through October 1957, the accumulated surplus income of the trust was used to satisfy this debt of $S0,000.[4] The will had authorized the taxpayer-trustee to borrow the amounts needed to pay administration, tax, and debt charges against the estate, “and to secure its repayment by a deed of trust or mortgage upon the real estate hereinbefore described and to repay the same as rapidly as possible from the net rents derived therefrom over and above the annuities here-inbefore set out.” The claim now is that the trust income used to repay this loan, in 1951-1957, was permanently set aside by the will for charitable purposes since repayment of this loan (as authorized by the will) operated to free, and therefore increase the value of, the encumbered real estate which was due to pass to the charities upon the termination of the trust in 1970; if the loan was not repaid through use of the trust income, the indebtedness would have to be deducted from the distribution to the charities of the proceeds of the sale of the real estate in 1970.
We consider taxpayer’s new contention because it is embraced within the amended petition filed in this court, but we cannot accept the argument.[5] It is now settled by the District of Columbia litigation that, upon the decedent’s death, the trust income, as distinguished from the corpus of *483 the real estate, was not destined by the will for charity. We think that, after the decedent’s death, such income would not become destined for charity because the trustee and executor used the income to repay a loan needed to satisfy administration expenses, taxes, and debts of the estate. To uphold the deduction in these circumstances would be to grant a far greater allowance for charity than the Internal Revenue Code contemplates. The portion of the estate’s residue (i.e., that part of the trust’s corpus) which will pass to the charities has already been reflected (at its unencumbered value) in a lessening of the estate tax paid by taxpayer in 1951.[6] With respect to the trust income, the Code provides that, for a charitable deduction to be allowable, the income must be paid or permanently set aside in the taxable year, pursuant to the will, for charitable purposes. In the taxable years 1951-1957, the $60,000 in question was not paid or set aside for charity in any ordinary sense; it was simply used to repay a loan which was thought necessary to pay ordinary estate charges. Repayment of the loan, it is true, freed the real property from the encumbrance imposed by the executor-trustee in 1951 and, in that way, assured the charities of receiving in the end the full residue the will provided for them. But this indirect connection is too remote to be characterized as a permanent setting aside for charity pursuant to the will. Congress did not intend that in a case, as here, in which the will leaves only the corpus to charity, repayment by the executor-trustee of an estate debt out of trust income should lead to a charitable deduction because of some ultimate, tangential effect upon the corpus; satisfaction of most charges against an estate, including estate taxes, can have such an indirect impact and, on taxpayer’s theory, would be deductible on charitable grounds. We do not think that is the law. See Estate of Freund v. Commissioner, 303 F. 2d 30, 32 (C.A. 2, 1962). In the cases *484 on which taxpayer relies[7] the income (or most of it), as well as the corpus, was designated for charitable purposes.
Taxpayer is not entitled to recover and its petition is dismissed.

 under Section 162(a) of the Internal Revenue Code of 1939 and Section 642(c) of the 1954 Code a deduction is allowed, in computing the net income of an estate or trust, for that part of the gross income which is paid or permanently set aside during the taxable year (under the will creating the trust) for charitable purposes.

 The total sum claimed in the amended petition was $42,797.79 (plus interest) ; the amount of taxes at issue on the secondary argument is approximately $23,000 (plus interest).

 Previously, the real estate had been unencumbered.

 Thereafter, the surplus income was invested in Government obligations and common trust funds.

 At the request of the court, both parties filed supplemental memoranda directed solely to the plaintiff’s new contention.

 The estate was allowed a charitable deduction of $49,485.72 in the computation of the estate tax. The real estate (93.25% of the estate) was and is valued at $325,000. On termination of the trust in 1970, some $257,000 (possibly no more than $242,000) will be distributed in specific bequests before the residue passes to the charities. The expenses of administration, taxes, and debts'amounted, up to 1951, to about $78,000.

 Commissioner v. Citizens & Southern Nat’l Bank, 147 F. 2d 977, 978, 980 (C.A. 5, 1945); Arthur Jordan Foundation v. Commissioner, 210 F. 2d 885, 888-89 (C.A. 7, 1954); Hopkins v. Commissioner 18 T.C. 952, 979 (1949); Bookland Oil Co. v. Commissioner, 22 T.C. 1307, 1311-12 (1954). In United States v. Bank of America Nat’l Trust & Savings Ass’n, 326 F. 2d 51, 53-54 (C.A. 9, 1964), the disputed item was corpus held for charity.