**CRESTAR BANK and Diane Linen Powell, as Executors of the Estate of James A. Linen, IV, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE and United States of America, Defendants.**

**No. Civ.A. 3:98cv321.**

United States District Court,
E.D. Virginia,
Richmond Division.

April 26, 1999.

since she acknowledged that she was the person named in the warrant").

27. *Thompson,* 753 F.2d at 365.

Robert S. Parker, Richmond, VA, for plaintiffs.

Joan E. Evans, United States Attorney's Office, Richmond, VA, Stuart D. Gibson, United States Department of Justice, Ben Franklin Station, Washington, DC, for defendants.

## MEMORANDUM OPINION

PAYNE, District Judge.

Plaintiffs, the Executors of the Estate of James A. Linen, IV ("the Estate"), instituted this action against the Internal Revenue Service ("IRS") seeking a federal income tax refund in the amount of $281,604 plus interest and costs by virtue of a claimed charitable deduction on a fiduciary income tax return which the IRS disallowed under the Internal Revenue Code ("I.R.C.") § 642(c), 26 U.S.C. § 642(c). At the close of the bench trial in this action, the parties, at the instance of the Estate, were allowed to file post-trial briefs. Having considered the proposed findings of fact and conclusions of law, the evidence and arguments at trial, and the post-trial briefs, and for the reasons set forth below, judgment shall be entered in favor of the IRS because the deduction was properly disallowed.

## FACTUAL BACKGROUND

The facts are straightforward and undisputed. James A. Linen, IV died testate on July 2, 1989. Article II, ¶ B of Linen's Last Will and Testament (the "Will") provides:

> I give and bequeath one-half of the Des Plaines Publishing Company stock owned by me at my death (other than stock which I may have contracted to sell or redeem during my lifetime) to the Des Plaines Publishing Charitable Trust established by my Declaration of Trust dated October 21, 1985, to be held and administered as a part of such Trust.

Pursuant to this provision of the will, the Estate made a gift of stock in Des Plaines Publishing Company to the Des Plaines Publishing Charitable Trust on December 15, 1989. The Estate reported the value of that stock as $1,005,754 and timely filed a Federal Estate Tax Return (Form 706) in 1990, claiming a charitable deduction from gross estate pursuant to I.R.C. Section 2055 in the amount of $1,005,754.[1] The IRS allowed that deduction, thereby reducing the estate taxes paid by the Estate in 1990.

On December 17, 1990, the Estate filed a Fiduciary Income Tax Return (Form 1041) for the taxable year ended June 30, 1990 (the "1990 Tax Year"). The Estate's reported income was $2,340,465, none of which was generated by the donation of the Des Plaines Publishing Company stock. The federal income tax due and owing was $512,900. The Estate timely paid its reported income tax liability for the 1990 Tax Year.

Then, on December 17, 1993, the Estate timely filed an amended Fiduciary Income Tax Return (Form 1041X) for 1990, claim-

---

1. Section 2055 reads in part:

   (a) **In general.**—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers . . .

   (2)  to or for the use of any corporation organized and operated exclusively for reli-

   gious, charitable, scientific, literary or educational purposes. . . .; [or]

   (3)  to a trustee or trustees . . . but only if such contributions or gifts are to be used by such trustee or trustees . . . exclusively for religious, charitable, scientific, literary, or educational purposes. . . .

ing a refund of federal income tax for the Estate's 1990 Tax Year in the amount of $281,604. The basis for the claimed refund was the assertion that, under I.R.C. Section 642(c)(1), the Estate was entitled to a deduction from gross income in the amount of $1,005,754 for the gift of Des Plaines Publishing Company stock donated to the Des Plaines Publishing Charitable Trust on December 15, 1989 pursuant to Article II, ¶ B of the Will. The IRS denied the refund by letter dated May 28, 1996. This action followed.

## DISCUSSION

Notwithstanding that the Estate claimed and received a deduction from the gross estate for the same gift under I.R.C. Section 2055, the Estate now argues that it is entitled to the deduction under Section 642(c) because the total income reported by the Estate on its original Form 1041 for the 1990 Tax Year exceeded the amount of the Estate's donation to charity that year. The Estate has cited no authority for the construction of Section 642(c) upon which it bases its claim for this deduction. Instead, the Estate contends that an entitlement to the deduction may be divined from certain facets of the decision in *Old Colony Trust Co. v. Commissioner*, 301 U.S. 379, 57 S.Ct. 813, 81 L.Ed. 1169 (1937), as well as from assorted IRS statements and regulations. The IRS disagrees, arguing that neither *Old Colony Trust Co.* nor IRS statements and regulations permit, under Section 642(c), that which the plain language of the statute does not: the deduction from gross income of amounts donated to charity from an estate's principal and deducted from the taxable estate.

### I.

**A. The Statute**

The starting point, of course, is the plain language of I.R.C. Section 642(c). *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("The task of re-

solving [a] dispute over the meaning of [a statute] begins where all such inquiries must begin: with the language of the statute itself."). Furthermore, because Section 642(c)(1) creates a deduction, any effort to give effect to its plain language must be guided by the principle articulated in *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348 (1934): "Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." *See also In re Landbank Equity Corp.*, 973 F.2d 265, 269 (4th Cir.1992) ("Deductions are a matter of legislative grace, and the taxpayer seeking the benefit of a deduction must show that every condition which Congress has seen fit to impose has been fully satisfied.").

Section 642 provides, in part:

(c) **Deduction for amounts paid or permanently set aside for a charitable purpose.—**

(1) **General rule.—**In the case of an estate or trust, there shall be allowed as a deduction in computing its taxable income (in lieu of the deduction allowed by section 170(a), relating to deduction for charitable, etc., contributions and gifts) any amount of the gross income, without limitation, which pursuant to the terms of the governing instrument is, during the taxable year, paid for a purpose specified in section 170(c)....

I.R.C. Section 642(c)(1).

Thus, according to the statutory text, to establish entitlement to the deduction in this case, the Estate must prove that: (1) the Estate paid (2) an amount of its gross income (3) pursuant to the terms of the Will (4) for a purpose specified in Section 170(c). *See* I.R.C. § 642(c)(1). The parties agree that, pursuant to the terms of the Will, the Estate made a gift of Des Plaines Publishing Company stock for a purpose specified in I.R.C. Section 170(c). However, the undisputed record in this case is that the Des Plaines Publishing Company stock was not part of the Es-

tate's gross income for 1990 or for any other year, but was an asset owned by Linen on the date of his death. Because it is plain from the language of Section 642(c)(1) that, to qualify as a deduction, the charitable gift must be made from an "amount of [the Estate's] gross income," I.R.C. § 642(c)(1), the Estate cannot satisfy the second element; and, therefore, it cannot demonstrate that the claimed deduction meets each of the conditions established by statute. Accordingly, the IRS properly rejected the claimed deduction.

## B. The Statutory Framework

The statutory framework of Subchapter J of the I.R.C., 26 U.S.C. § 641 et seq., of which Section 642(c)(1) is a constituent part, confirms the conclusion dictated by the statutory text. In Subchapter J, Congress "adopted a 'conduit principle' of taxing estates in which an estate is treated as an independent taxable entity and is taxed on accumulated income which is not distributed, either actually or presumptively, to its beneficiaries." *United States Trust Co. v. IRS*, 803 F.2d 1363, 1365–66 (5th Cir.1986). Under Sections 661 and 662, an estate is entitled to receive a deduction for the amount of income which it distributes and which the beneficiary includes in his or her gross income. *See* I.R.C. §§ 661 and 662.

In particular, Section 661(a) provides that, in any taxable year, there shall be allowed as a deduction in computing the taxable income of an estate or trust the sum of (1) any amount of income for such taxable year required to be distributed currently (including any amount to be distributed which may be paid out of income or corpus to the extent such amount is paid out of income for the taxable year); and (2) any other amount properly paid or credited or required to be distributed for such taxable year; but such deduction shall not exceed the distributable net income ("DNI") [2] of the estate or trust. *See id.* 661(a)(1)–(2).

Section 662(a), meanwhile, requires that a beneficiary of an estate or trust described in Section 661 must include in his or her gross income the amounts distributed or required to be distributed by the estate or trust and deductible under Section 661(a). A distribution from an estate results in income to the recipient to the extent of the estate's DNI, without regard to its designation as income or principal for accounting purposes. *See* I.R.C. § 662. The DNI concept thus eliminates any need for tracing the source of distributions by presuming that a distribution is made out of DNI to the extent thereof, whether the distribution was actually made from income or from principal. And, by allowing the estate to deduct the amount distributed to the beneficiary, Section 662 eliminates "double taxation" of the estate's income to both the estate and the beneficiary. *See Van Buren*, 89 T.C. at 1103 n. 5.

Section 663, however, carves out certain exclusions from this conduit framework, by providing that "[a]ny amount paid or permanently set aside or otherwise qualifying for the deduction provided in section 642(c)" cannot qualify as DNI within Sections 661–62. I.R.C. § 663(a)(2).[3] Thus, the conduit principles established by Sections 661–62 (which, of course, shun any tracing requirement) do not include within their ambit the charitable deduction af-

---

2. The DNI of an estate or trust consists of its taxable income increased by the amount of its personal exemption, any tax-exempt income and any distribution deductions taken pursuant to H 651 or 661. *See* I.R.C. § 643(a); *Van Buren v. Comm'r*, 89 T.C. 1101, 1102 n. 4, 1987 WL 46818 (1987).

3. Section 663 reads, in relevant part:

(a) **Exclusions.**—There shall not be included as amounts falling within section 661(a) or 662(a)—
****

(2) **Charitable, etc., distributions.**—Any amount paid or permanently set aside or otherwise qualifying for the deduction provided in section 642(c) (computed without regard to sections 508(d), 681, and 4948(c)(4)).

forded under Section 642. The reason for this is that "Congress intended that the benefit for a charitable bequest be conferred only once—either as an offset against gross value of the estate or as an offset against income." *United States Trust Co. v. IRS,* 803 F.2d 1363, 1366 (5th Cir.1986). This intent is effectuated by limiting the Section 2055 deduction for payments of principal from the estate to the value of the property that is included in the gross estate at the time of the decedent's death. Here, of course, the Estate received that deduction. The deduction under Section 642(c) is available for amounts paid from estate income to charitable organizations at the direction of the governing instrument. "Thus, the deduction under section 642(c) is allowed only if the relevant governing instrument provides that the bequest be funded solely from the 'gross income' of the estate." *Id.* at 1367.

The Estate's position here is essentially that, just as Sections 661–62 permit deductions to the extent of DNI without regard to tracing, the deduction allowed by Section 642 does not require tracing because it presumes that any payment to charity is made out of gross income to the extent thereof, whether or not the distribution was actually made from income or from principal. The Estate contends, without citation, that "Congress did not intend for the income tax deduction under Code § 642(c) to turn on some tracing or source concept." (Pls.' Pr. Find. Fact & Concl. Law ¶ 7.) This position ignores the statutory scheme just explained, which excludes Section 642(c) deductions from the conduit framework precisely because charitable deductions are allowed only once, with the applicable provision dependent upon whether the payment is made from principal (Section 2055) or from income (Section 642).

## C. Other Authorities

Like the unambiguous language of Section 642(c), the architecture of Subchapter J dispels the Estate's argument which, is essence, requires one to read the words "amount of [ ] gross income" out of Section 642(c). Other courts have rejected similar efforts. For example, the United States Tax Court in *Van Buren v. Commissioner,* 89 T.C. 1101, 1987 WL 46818 (1987) explained that:

> Section 642(c)(1) allows a trust a charitable deduction for any amount of its gross income which, pursuant to the trust instrument, is paid for charitable purposes. Sec. 642(c)(1). Tracing is required since the statute specifically requires that the source of the contribution be gross income. *See Riggs National Bank v. United States,* 173 Ct.Cl. 479, 352 F.2d 812, 814 (1965). This specific reference forms the basis for a limited exception to the general removal of the tracing requirement accomplished by Subchapter J.

*Van Buren,* 89 T.C. at 1109.

In *Riggs National Bank,* cited by the Tax Court in *Van Buren,* a trustee sued to recover fiduciary income taxes. The trustee had borrowed $60,000 to pay the trust's administrative expenses, taxes, and debts, and the loan was secured by trust property that was to be distributed to charities upon the termination of the trust. 352 F.2d at 812. The will authorized the use of trust income to repay the loan. The trustee claimed that the trust income which was used to repay the loan operated to free trust property from the security interest, thereby rendering the trust property available to the charities, and making the loan payments deductible under the predecessor to Section 642(c). *See id.* at 813. The Court of Claims disagreed, finding that a deduction was not permitted merely because the payments on the loan were made from trust income. *See id.* at 814. Instead, the court required that the payments have a more direct impact on charity. *See id.*

Implicit in *Riggs National Bank* is that, in order for a payment to qualify for a Section 642(c) deduction, it must actually

come from income. That, indeed, is the proposition for which the Tax Court cited *Riggs National Bank* in the decision in *Van Buren.* This principle has surfaced in other authorities, as well.

In *United States Trust Co.,* the Fifth Circuit considered whether an estate which had been allowed a charitable deduction for a bequest of estate property under Section 2055 also could deduct the payment from its income tax under Section 661. 803 F.2d at 1363. The Fifth Circuit rejected the estate's argument, holding instead that, pursuant to the framework established in Sections 661–63, any deduction from income for a charitable contribution must qualify under Section 642(c). *See id.* at 1367. The court found support for this conclusion both in the statutes which created the conduit framework and in the legislative history of Section 661, citing a rejected 1960 House Bill that would have amended Section 661(a) to encompass all charitable distributions and that would have eliminated the deduction under Section 642(c) and its corresponding tracing requirement:

> The House committee report accompanying the bill expressly recognized that deductions for charitable distributions under existing law required tracing and that such distributions therefore fell outside sections 661 and 662 since they did not.

803 F.2d at 1368 (citing H.R.Rep. No. 86–1231, at 9–10 (1960)). Having concluded that a deduction was not available under Section 661, the Fifth Circuit denied the deduction from income in its entirety because "[t]hese distributions could not qualify for a deduction as distributions to a charitable organization under § 642(c) because [the decedent]'s will did not direct that the distributions come from gross income." *Id.* at 1365.

When considering this related issue—the availability of a deduction under Section 661 for a bequest of estate property already deductible under Section 2055—other courts have offered similar observations concerning the scope of the deduction under Section 642(c). *See, e.g., Mott v. United States,* 199 Ct.Cl. 127, 462 F.2d 512, 518 (1972) (en banc) ("Tracing of charitable distributions is still required under Section 642(c), and to the extent that a charitable deduction is not paid out of gross income in accordance with the requirements of Section 642(c), then we think that Congress intended that no deduction is allowable."); *Estate of Edward T. Bedford v. Commissioner,* 39 B.T.A. 1039, 1042 (1939) ("[W]here a charity is entitled to receive a definite sum of money under a will as a bequest, the estate is not entitled to any deduction from income when it pays that definite sum of money in fulfillment of the bequest."). As one commentator has summarized:

> In order to qualify for a charitable deduction under Section 642(c), distributions must be made from income. A distribution from principal to charity will not qualify for a distribution deduction.

Jacob Mertens, Jr., *The Law of Federal Income Taxation* § 36.182 (1997).

The foregoing, rather settled, principles are dispositive of the Estate's position in this action. The Will made a bequest of estate property for which the Estate received a deduction under Section 2055. The Will did not, however, direct that the bequest be made from property received as income during the 1990 Tax Year. And, the bequest was not of property received as income during that year. The argument that a deduction under Section 642(c) is nevertheless appropriate to the extent of gross income ignores the fact that, by virtue of its plain language and its exclusion from the conduit framework by Section 663, the deduction under Section 642(c) requires that the payment be traceable to income earned during the tax year. Because, in this case, the Will expressly provided for the donation to be made from principal, the Estate may not claim a deduction from its 1990 gross income pursuant to Section 642(c) for the donation of

the Des Plaines Publishing Company Stock. .

## II.

In an effort to circumvent these established precepts, the Estate urges that Supreme Court's decision in *Old Colony Trust Co. v. Commissioner*, 301 U.S. 379, 57 S.Ct. 813, 81 L.Ed. 1169 (1937) and IRS Revenue Rulings and Regulations establish the deduction here claimed. Those authorities, however, do not yield such a result.

### A. *Old Colony Trust Co. v. Commissioner*

*Old Colony Trust Co.* involved a trust instrument that authorized the trustees to pay to charities "such sums as in their judgment may be paid without jeopardizing the annuities herein provided for, whenever for a period of one year the trust fund held by them as then invested shall have yielded a net income equal to twice the amount of the annuities which they are then required to pay. . . ." 301 U.S. at 380, 57 S.Ct. 813. The trustees made expenditures from the trust's income account that exceeded the trust's gross income for the taxable year (the income account had a balance carried over from the preceding year). In fact, the payments to charities alone exceeded the trust's annual gross income. That being the case, the gross income. That being the case, the trustees claimed, under the predecessor to Section 642(c), a deduction for the payments to charity up to the amount of the year's income.[4]

The Supreme Court allowed the deduction. First, the Court held that the deduction allowed by the precursor of Section 642(c) does not require the governing instrument to "definitely direct" the charitable contributions claimed as deductions. *Id.* at 382, 57 S.Ct. 813. A payment to

charity is made "pursuant to the terms" of a will, the Court held, even when the trust instrument makes the payment to charities discretionary. *See id.* at 383, 57 S.Ct. 813.

Second, the Court addressed the following issue: "[i]n order that they may be allowed as deductions is it necessary to show that charitable contributions by a trust estate were actually paid out of income received during the year in which they were made?" *Id.* at 384, 57 S.Ct. 813. The Court answered in the negative, holding that:

> Capital and income accounts in the conduct of the business of estates are well understood. Congress sought to encourage donations out of gross income, and we find no reason for saying that it intended to limit the [deduction] to sums which the trust could show were actually paid out of receipts during a particular taxable year.

*Id.*

The Estate reads this two-part holding as establishing its entitlement to a deduction. First, the Estate contends that the fact that the Will in this case did not direct specifically that the gift come from gross income is not fatally defective, because the Supreme Court in *Old Colony Trust Co.* "detached the 'pursuant to' requirement from the 'gross income' requirement" in Section 642(c). (Pls.' Pr. Find. Fact & Concl. Law ¶ 5.) That is not, however, what the Court said. The Supreme Court merely held that a payment can still qualify for the Section 642(c) deduction even if the governing instrument vests the trustee with some discretion as to whether to make the payment. *See Old Colony Trust Co.*, 301 U.S. at 383–84, 57 S.Ct. 813. The Court did not hold that the deduction would be appropriate if the governing instrument did not provide any guidance at all as to the source of the payment, or if it

---

4. All of the year's expenditures were made from an income account, and "none of these payments was charged to the principal account." *Id.* at 381. Therefore, the Court did not have before it the possibility that the claimed deductions were for payments of trust principal. The issue, rather, was whether the payments of income giving rise to the claimed deduction came from income earned during the tax year.

directed payment from principal, which, of course, is the case here.

The Estate next argues that, by removing from the taxpayer the burden of showing affirmatively that the deductions were "actually paid out of income during the year in which they were made," *id.* at 384, 57 S.Ct. 813, the Supreme Court interpreted the predecessor of Section 642(c) as allowing the deduction to the extent of gross income without regard to the source—income or principal—of the payment. This argument simply ignores the facts on which *Old Colony Trust Co.* was decided. None of the payments in *Old Colony Trust Co.* were charged to the trust's principal account;[5] therefore, the Supreme Court premised its decision on amounts paid from gross income for a charitable purpose.[6]

Viewed in this light, the rule established by *Old Colony Trust Co.* is best considered as one of proof and procedure, rather than a substantive interpretation of Section 642(c). Indeed, the Court merely held that, when a payment to charity was made from income, whenever earned, and when it is also certain that the deduction sought for the payment to charity did not exceed the income earned by the estate during the tax year, then the IRS may not require the taxpayer affirmatively to demonstrate that the payment to charity came from receipts during the particular year. The Estate's reading of *Old Colony Trust Co.* is far broader than this and, in effect, would destroy the tracing requirement of Section 642(c). This the Supreme Court did not do; the Court simply elaborated on the application of Section 642(c) when the facts are such that there can be no doubt as to whether the payment for which the deduction is sought came from income, not principal.

The payment in this case came from principal, not income. Therefore, to the extent that the decision in *Old Colony Trust Co.* limits the tracing principle of Section 642(c) in certain circumstances, the facts as stipulated here do not fall within its holding.

## B. The Revenue Ruling and the Regulation

Nor do the other authorities cited by the Estate support its contention.

The Estate argues that Revenue Ruling 83–75, 1983–1 C.B. 114 "confirms the I.R.S. position that a will or trust document need not require the gift be made from income." (Pls.' Rep. ¶ 4.) Revenue Ruling 83–75 involved a trust the terms of which required the trustee to pay an annuity to charities. The trust directed that the annuity be paid from the trust's income, but also provided that, to the extent ordinary income was insufficient to pay the specified amount, the trustee was authorized to make payments out of capital gains, and, if necessary, corpus. The Ruling holds that, in the event the trustee distributes appreciated securities from the trust's corpus, the trust is entitled to the charitable deduction under Section 642(c) equal to the amount of gain recognized from the distribution of the appreciated securities.

Nothing in Revenue Ruling 83–75 alters the requirement found in Section 642(c): that the instrument must direct the payments be made from gross income in order to qualify for the deduction. To the contrary, the Ruling involved a trust whose terms directed that payments come first from income. And, given a trust with these specific instructions, the Ruling held that, when a payment to charity was made with trust corpus, a deduction was allowed only to the extent of the amount of gain

---

**5.** *See supra* n. 4.

**6.** The Estate seeks to extract much from the fact that the trust instrument quoted in *Old Colony Trust Co.* did not explicitly state whether the payments to charity were to be

made from the trust's income. However, the provisions of the instrument and the Supreme Court's opinion both required that condition. *See id.* at 380, 57 S.Ct. 813.

recognizable from appreciation. Those circumstances are not present here, and the Estate does not argue that it is entitled to a deduction to the extent of any gain recognizable from the appreciation of the Des Plaines Publishing Company stock. Revenue Ruling 83–75 therefore reinforces the notion that Section 642(c) requires tracing, and nothing therein aids the Estate's case.

The final argument is that a regulation promulgated under Section 642(c) evidences entitlement to the deduction. Treasury Regulation 1.642(c)–3 states that "[f]or purposes of §§ 1.642(c)–1 and 1.642(c)–2, an amount received by an estate or trust which is includible in its gross income under section 691(a)(1) as income in respect of a decedent shall be included in the gross income of the estate or trust." The Estate argues, again without citation, that "income in respect of a decedent" (IRD) is a term of art that "refers to items which are *principal* for fiduciary accounting purposes, but which are transformed into income solely for income tax purposes under some circumstances." (Pls.' Rep. ¶ 7.) Because Regulation 1.642(c)–3 instructs the taxpayer to include IRD when calculating the amount of gross income against which the Section 642(c) deduction may operate, the Estate contends that the regulation acknowledges that an express gift of principal is deductible under Section 642(c). (Pls.' Post–Tr. Br. at 9.)

This argument is flawed because the reference to IRD in Regulation 1.642(c)–3 does not amount to a recognition that payments of principal (like the payment in this case) are deductible under Section 642(c) The purpose of I.R.C. Section 691 is to allocate income earned before death, but paid after death, to the decedent's estate. However, IRD retains, in the estate's hands, the character (*e.g.*, as ordinary income, capital gain, etc.) which it would have had if it had been received by the taxpayer before death. *See* I.R.C. § 691(a)(3). The estate to which such income is taxed may enjoy the deductions and credits for those items that are related

to the income. *See id.* § 691(b). And, the estate may deduct the estate tax payable on income in respect of a decedent. *See id.* § 691(c).

Thus, the reference in the regulation to IRD merely clarifies the meaning of "gross income" as that term is used in the statute. It does not, as the Estate contends, dictate (or even permit) the conclusion that the Section 642(c) deduction requires only that the gift be limited to taxable income, without regard to whether it comes from an estate's income or principal.

## CONCLUSION

For the foregoing reasons, the defendants are entitled to judgment as a matter of law on the undisputed facts.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record. The Clerk shall not distribute copies by "electronic or computer means" unless explicitly directed.

It is so ORDERED.