TRUST ESTATE OF THOMAS LONERGAN, ROBERT L. JACKSON, C. P. LeMIRE AND T. H. MASTIN, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7844. Promulgated April 12, 1946.

*James E. Campbell, Esq.*, for the petitioners.
*Gene W. Reardon, Esq.*, for the respondent.

716

**OPINION.**

Leech, *Judge*: The primary question is whether the $300 monthly payments made by the trustees to Clyde Elaine Robinson, in the tax-

able year, are deductible in determining the Federal income tax liability of the trust estate. The answer, we think, depends on the character of such payments. If the payments were distributions to a beneficiary pursuant to the trust instrument, they are deductible under section 162 (b) of the Internal Revenue Code.[1] On the other hand, if the payments were in satisfaction of an indebtedness of the decedent, they are not deductible under this section. It is the respondent's position that the payments in question were of the latter character.

A proceeding was instituted in the Circuit Court of Missouri for the purpose of having the will of the decedent construed. That court found, *inter alia*, that the decedent at the time of his death was a member of a partnership; that under the agreement of partnership, the decedent's estate was to receive 50 percent of the partnership earnings for a period of 21 years; and that it was the intent of the decedent that this income was to be applied to the payment of decedent's indebtedness to the Robinsons under the contract of July 18, 1928. In its decree the court directed the trustees to discharge such liability by the payment of $300 per month thereon. The balance of the income of the trust estate was to be currently distributed to the several designated beneficiaries, one of whom was Clyde Elaine Robinson.

Under the revenue acts, trust estates are treated as taxable entities for Federal income tax purposes. Secs. 161 to 172, I. R. C. In *Central Hanover Bank & Trust Co., Executor*, 34 B. T. A. 741, 743, we said:

> The aim of the statute dealing with the income of estates and trusts is to tax such income either in the hands of the fiduciary or the beneficiary. Secs. 161 and 162, Revenue Act of 1932. Under section 162 (b) the fiduciary takes a deduction for the amount of the trust income "which is to be distributed currently by the fiduciary to the beneficiaries", and such income is taxable to the beneficiaries. As to income of this sort "the scheme of the act is to treat the amount so distributable, not as the trust's income, but as the beneficiary's." *Freuler* v. *Helvering*, 291 U. S. 35. There seems to us no room for doubt that the income of the trusts here under consideration was of this kind. But this does not necessarily mean that all of the income collected by the trustee at any particular moment was currently distributable. * * *

The narrow issue is whether this $3,600, paid to Clyde Elaine Robinson, is income currently distributable and so taxable to her, since

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual except that—

* * * * * *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. * * *

the parties are in accord that the balance of the net income is taxable to the respective beneficiaries and thus deductible by the trust estate. The facts here compel the conclusion that the $3,600 was income taxable to the trust estate. The contract of decedent with the Robinsons, dated July 18, 1928, created a debt from him to them. He recognized this fact in paragraph "11th" of his will, i. e., "* * * after the payment of any just indebtedness, such as a specific contract that I made on July 18, 1928, with Harris and Clyde Elaine Robinson * * *." The Robinsons elected to have this unliquidated debt under the contract of July 18, 1928, reduced to a judgment against the decedent's estate. Their status is thus that of creditors. The circuit court, in construing decedent's will, recognized this relationship and directed that such liability be satisfied out of the income accruing to the trust estate. It seems clear to us that the payments, aggregating $3,600, to Clyde Elaine Robinson in the taxable year were paid to her in her capacity of a creditor of decedent and not as a beneficiary of the trust estate. The amounts so paid were a part of the consideration for the property conveyed to the decedent. It follows that they are not deductible by the trust, but are taxable as its income. Sec. 162 (b), I. R. C. We sustain the respondent's disallowance of this deduction.

In the alternative, petitioners contend that a proportionate part of the $3,600, i. e., $528.55, constituted a payment of interest by the trust and is therefore deductible under section 23 (b) of the code. The basis upon which this argument is predicated is that if all the payments were made under the July 18, 1928, contract, the aggregate would total $72,000; that the value of the property transferred to the decedent was $57,300; and that the difference between these two sums is $14,700, constituting interest. We find no merit in this contention. The contract makes no provision for interest. Upon this record we hold that the amounts paid by the trustee in the taxable year to Clyde Elaine Robinson on account of the judgment are not interest, but, as already stated, were payments of consideration for the property previously transferred to decedent. Cf. *Gillespie & Sons Co.* v. *Commissioner*, 154 Fed. (2d) 913.

Petitioners also contest respondent's disallowance of a deduction of the sum of $1,028.78 representing the amount of Federal income tax paid by the trust estate for the year 1941. They contend that a denial of such deduction makes the trust estate and the beneficiaries liable to tax on the same income, to that extent. We are not impressed with this argument. As we have heretofore held, that part of the income of the trust estate directed by the circuit court to be applied to the satisfaction of decedent's indebtedness is taxable income of the trust estate. The trust thus properly paid the tax thereon as a taxable entity. Section 23 (c) (1) (A) of the code specifically provides that

Federal income taxes are not deductible from gross income. That section is applicable to trust estates as well as to individuals, since section 162 of the code requires the net income of a trust to be computed in the same manner and on the same basis as in the case of an individual. We think the Federal income taxes required to be paid by the trust estate are of no more concern to the beneficiaries than are the other expenses and charges against the trust estate. Cf. *McCrory v. Commissioner*, 69 Fed. (2d) 688. The fact that the payment of Federal income taxes and other expenses of the trust necessarily reduce the amount distributable to the beneficiaries does not result in any double taxation. The taxable income of the trust included the amounts upon which the income tax was paid. Those amounts, as we have held, were net income and thus not taxable, as such, to Clyde Elaine Robinson. The respondent properly disallowed any deduction for the Federal income tax paid by the trust estate.

Since the respondent concedes he erroneously denied petitioners a deduction of the amount of $750, paid by the trust estate in the taxable year,

*Decision will be entered under Rule 50.*