ESTATE OF JACK DEAN, Deceased, JACK L. DEAN, Co-Executor, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Estate of Dean v. Commissioner
Docket Nos. 7003-79, 14281-81, 14354-81, 14355-81.
United States Tax Court
T.C. Memo 1983-276; 1983 Tax Ct. Memo LEXIS 513; 46 T.C.M. (CCH) 184; T.C.M. (RIA) 83276; May 18, 1983. David C. Alexander, III, for the petitioners. Martha Combellick, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined *515 the following deficiencies in petitioners' 1974 Federal income tax: Docket No.
Amount
7003-79
$4,814.00
14281-81
21,275.00
14354-81
20,035.00
14355-81
25,584.79
After concessions, the only issue is whether an estate is entitled to a deduction under section 661(a)(2) when it makes a distribution to its beneficiaries of a promissory note representing a right to receive income in respect of a decedent under section 691. [2]
These cases have been consolidated for purposes of briefing and opinion. All the facts are stipulated and found accordingly. Petitioner Jack L. Dean, the appointed executor of the Estate of Jack Dean (hereafter the Estate), resided in Scottsdale, Ariz., when he filed his petition in this case. Petitioners Jack L. Dean and Charlyn G. *516 Dean resided in Scottsdale, Ariz., when they filed their petition herein. Petitioners James L. Evans and Bonnie D. Evans resided in San Rafael, Calif., when their petition was filed. Petitioner Deborah Kay Dean (aka Deborah Kay Black) resided in Littleton, Colo., when she filed her petition herein. Jack Dean (decedent) died on July 26, 1972. Prior to his death, he sold cattle to Paul C. Dean (Buyer). Buyer executed a $221,252.69 promissory note (the Note) payable in 8 equal annual installments with interest of 7 percent on the unpaid balance. Decedent elected to report gain on the sale on the installment basis under section 453. Pursuant to his Last Will and Testament, the Estate succeeded to the right to receive payments on the Note. The residue of the Estate was bequeathed in equal shares to three beneficiaries, petitioners Jack L. Dean, Bonnie D. Evans, and Deborah K. Dean. As of January 1, 1974, the balance due the Estate on the note was $221,252.69. On March 18, 1974, the Estate received a principal payment of $22,344.00 and an interest payment of $15,480.00 from Buyer in partial satisfaction of the Note. On November 18, 1974, with a balance owing of $198,908.69 *517 (its fair market value), the Estate distributed the Note in equal shares to its three beneficiaries. This was the only distribution out of the Estate during its 1974 taxable year. The Estate had distributable net income of $61,418.00 in 1974. On December 16, 1974, the beneficiaries received $189,477.10 in further payment on the Note. In its petition, the Estate claimed an overpayment of tax based in part on its claim for a deduction for distribution of the Note. In his answer, respondent disallowed this deduction. [3]
The parties agree the Note is income in respect of a decedent under section 691. At issue is whether an estate is entitled to a section 661(a)(2) deduction when it distributes a note representing a right to receive income in respect of a decedent. The Estate claims it is entitled to the deduction since such distribution comes within the literal language of section 661(a)(2) as "amounts properly paid." Respondent acknowledges a literal reading of *518 that section might include a distribution of a right to receive income. Respondent contends, however, that section 691 overrides section 661(a)(2) and, therefore, governs the tax treatment of both the Estate and its beneficiaries upon distribution of the Note. This very issue was decided in respondent's favor in a recent opinion of this Court wherein we held section 691 must take precedence over section 661. Rollert Residuary Trust v. Commissioner, 80 T.C.     (March 31, 1983). Briefly, the basis of our decision is as follows. The taxation of trusts, estates, and their beneficiaries is governed by Subchapter J, sections 641 through 692. Congress has adopted the "conduit principle" of taxation whereby income is taxed only once between an estate and its beneficiaries. Allocation of this income is accomplished through the combined operation of the concept of distributable net income (DNI--defined as the estate's taxable income with certain modifications) and the distribution rules of sections 661-663. Generally, section 661 allows an estate, to the extent of its DNI, a deduction for distributions to its beneficiaries. Under section 662, the beneficiaries must include *519 this amount in their gross income. When property is distributed, it is taken into account at its fair market value for purposes of these distribution rules and, accordingly, takes a basis equal to its fair market value in the hands of the beneficiaries. Sec. 1.661(a)-2(f)(2) & (3), Income Tax Regs.
Section 691, on the other hand, provides special rules for income which a decedent had a right to or an entitlement to at or prior to his death, but which was never includible in his gross income. Generally, section 691(a) requires such income to be reported by and when the person actually receives the income, whether it be the estate or a beneficiary. When the right to receive income in respect of a decedent is distributed by an estate, the distribution rules of sections 661 and 662 conflict with the provisions of section 691. Although most property acquired from a decedent receives a stepped-up basis equal to its date of death value, section 691 property receives no such step-up in basis. Sec. 1014(c). By allowing the estate a deduction for a distribution of the section 691 property (in the same manner as a distribution of any other property) the estate and its beneficiaries *520 escape income taxation by the amount of such deduction. [4] This effectively subverts sections 691 and 1014(c) which contemplate that the entire amount of income in respect of a decedent be subject to income tax. *521 Moreover, the timing and characterization rules of sections 661 and 662, and section 691, are inconsistent. Sections 661 and 662 require income to be included at the time of distribution whereas section 691 requires income to be reported at the time of its actual receipt. Additionally, section 691(a)(3) requires the character of section 691 property to be the same as it would have been in the hands of the decedent had he lived to receive such income. Under the distribution rules, the character of the income is determined by reference to the character of the estate's distributable net income. Given these inconsistencies, and given the well-settled principle that a specific statute controls over a general one, we held that section 691 overrides sections 661 and 662. Rollert Residuary Trust v. Commissioner,80 T.C. 619 (1983). [5] Property representing a right to receive income in respect of a decedent is subject to its own statutory provisions. Thus, the transfer by an estate of section 691 property is treated as a neutral event, and is not subject to the distribution rules of section 661 and 662. Accordingly, we hold for respondent on this issue. *522 To reflect concessions, Decisions will be entered under Rule 155.
Footnotes
1. Cases of the following petitioners are consolidated herewith: James L. Evans and Bonnie D. Evans, docket No. 14281-81; Jack L. Dean and Charlyn G. Dean, docket No. 14354-81; and Deborah Kay Dean aka Deborah Kay Black, docket No. 14355-81.↩
2. The parties have agreed to the amount of such deduction, if allowable, and to the tax consequences to the beneficiaries, petitioners in docket Nos. 14281-81, 14354-81, and 14355-81, flowing from this Court's resolution of the question presented. Unless otherwise indicated all section references are to the Internal Revenue Code of 1954, as amended and in effect during the tax year in issue.↩
3. Once a notice of deficiency is mailed and the taxpayer files a petition, this Court retains jurisdiction to determine the amount of an overpayment of tax if it finds there is no deficiency. See sec. 6512(b).↩
4. The following example taken from respondent's brief illustrates this point. An estate has distributable net income (DNI) of $100,000 in 1974 representing interest paid on a certificate of deposit held by the estate. The estate also holds sec. 691 property in the form of a note with a value of $120,000 and with zero basis. In 1974 the estate distributes the sec. 691 property and retains the interest income. In 1974, soon after the distribution, the beneficiary received the $120,000 payment on the note. Applying sec. 661(a)(2), the estate receives a $100,000 deduction in 1974 based on its distribution of the note. The deduction carries out all distributable net income totally eliminating any tax liability of the estate. Under sec. 662, the beneficiary is required to include $100,000 in his gross income at the date of distribution. He also takes a $100,000 basis in the note. Sec. 1.661(a)-2(f)(3), Income Tax Regs.↩ Because of this increased basis, the beneficiary need only include $20,000 in his gross income when he receives actual payments of $120,000 on the note. Thus, although $220,000 in income has been realized, only $120,000 has been taxed. Moreover, no income will result upon the later distribution by the estate of the $100,000 of interest income. Therefore, $100,000, the amount of the distribution deduction, escapes income taxation altogether.
5. This result is consistent with Mott v. United States,462 F.2d 512↩ (Ct. Cl. 1972), which disallowed an estate a deduction under sec. 661(a)(2) for a distribution to a qualified charitable beneficiary. The Court held that to the extent the distribution did not comply with sec. 642, which deals specifically with the deductibility of charitable distributions, the deduction was not allowable.