Paul L. BRIGHAM, Jr., Executor of the Estate of Anna C. Ham, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CIV.A. 96–10777–NMG.

United States District Court,
D. Massachusetts.

Nov. 3, 1997.

Paul L. Brigham, Jr., Northborough, MA, pro se.

Linette L.R. LaMountain, Westborough, MA, for Plaintiff.

Carina J. Campobasso, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

## MEMORANDUM AND ORDER

GORTON, District Judge.

This is a suit for the refund of taxes paid by Anna C. Ham with respect to her 1990 and 1991 federal income tax returns. Mrs.

Ham contends that she incorrectly included in those returns certain amounts received from her husband's estate. Pending before this Court are the parties' cross motions for summary judgment (Docket Nos. 12 & 13).

## I. Background

The following facts are undisputed. Mrs. Ham's husband, Kendal C. Ham, died on March 12, 1988. On September 9, 1988, Mrs. Ham timely elected to claim her statutory share of Mr. Ham's estate (the "Estate") under New Hampshire law. After this election was made, the executors of the Estate made various distributions to Mrs. Ham in partial satisfaction of the election: $2,537,000 in 1990 and $775,000 in 1991. In those two years, no other beneficiaries of the Estate received any distributions.

In drafting the Estate's fiduciary returns for 1990 and 1991, the executors determined that $361,000 of the $2,536,000 distributed to Mrs. Ham in 1990 and $436,525 of the $775,000 distributed to her in 1991 constituted distributable net income of the Estate as defined by Section 643 of the Internal Revenue Code ("IRC"). The executors thus reported to Mrs. Ham on Forms K–1 that she had reportable income of $361,000 in 1990 and $436,517 in 1991.[1]

Mrs. Ham reported that income on her original 1990 and 1991 federal income tax returns. She later filed amended returns for 1990 and 1991 seeking refunds of the tax paid because of the inclusion of those amounts in income. After the Internal Revenue Service denied the claims for a refund embodied by those amended returns, she filed this suit.

## II. Analysis

### A. Summary Judgment Standard

█ The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings,

discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party in the respective motions and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993).

### B. Gross Income

█ Section 61(a) of the IRC provides that "gross income" includes "all income from whatever source derived." 26 U.S.C. § 61(a). Section 102(a) excludes from gross income "the value of property acquired by gift, bequest, devise, or inheritance." Section 102(b)(1) provides, however, that the income from any property acquired by gift, bequest, devise or inheritance shall not be excluded from gross income. In addition, § 102(b)(1) provides that where the gift, bequest, devise or inheritance consists of income from property, the amount of such income shall not be excluded from gross income. Furthermore, § 61(a)(15) provides that gross income includes "[i]ncome from an interest in an estate or trust."

Section 102(b) also provides that any amount included in the gross income of a beneficiary under subchapter J (26 U.S.C. §§ 642–92) shall be treated as a gift, bequest, devise or inheritance of income from property. Subchapter J governs the extent to which distributions to a beneficiary from an estate or trust constitute income to the beneficiary. Therefore, if a distribution to a beneficiary from an estate or trust constitutes income to the beneficiary, that income is taxable.

### C. Income Under Subsection J

1. Section 662 of the IRC

█ Section 662(a) provides that the gross income of a beneficiary of an estate or trust

---

1. The reason for the $8 discrepancy is unknown.

includes the sum of 1) the amount of income for the taxable year required to be distributed currently and 2) all other amounts properly paid. If, however, that sum exceeds the taxable income of the estate or trust then, after deducting the income required to be distributed, the beneficiary's gross income will include that beneficiary's proportionate share of the remaining taxable income of the estate or trust.

Thus, § 662 sets up a two-tiered system whereby the taxable income of the estate or trust is allocated first to beneficiaries who, under the will or trust instrument, have rights to current income. If those beneficiaries receive less than the total taxable income of the estate or trust then the second tier beneficiaries pay taxes on the remainder in proportion to their share of the total amount properly paid.

■ Any distributions in excess of the taxable income of the estate or trust are not taxed. Section 662, however, creates a conclusive presumption that "any distribution is considered a distribution of the trust or estate's current income to the extent of its taxable income for the year." *Mott v. United States*, 199 Ct.Cl. 127, 462 F.2d 512, 515 (1972) (quoting S.Rep.No. 1622, 83rd Cong., 2d Sess. 349 (1954)).

■ In the case at bar, the executors of the Estate made distributions to Mrs. Ham in 1990 and 1991. Although they were not required to distribute any income to any beneficiary in those years, the distributions to Mrs. Ham were properly paid. Because Mrs. Ham was the only beneficiary who received distributions in those two years, pursuant to § 662(a)(2), she is required to report as income for those years the entire amount of those distributions except to the extent that such distributions exceed the Estate's taxable income.

In an effort to demonstrate that § 662 does not apply, the plaintiff contends that Mrs. Ham's elected share was not or should not have been paid from her husband's estate. Elected statutory shares, however, are paid from the decedent spouse's estate. *See Lemle v. United States*, 419 F.Supp. 68, 72

(S.D.N.Y.1976). Section 662, therefore, clearly applies.

The plaintiff also contends that Mrs. Ham's elected share does not fall within § 662 because the underlying regulation does not list a spouse's elected share among the payments included under § 662(a). That regulation does not, however, provide an exhaustive list of the kinds of taxable income under § 662. The regulation lists "*[s]ome of* the payments to be included under paragraph (a) of this section ..." Treas. Reg. § 1.662(a)–3(b) (emphasis added).

2. Section 663 of the IRC

■ Section 663(a)(1) creates an exception to § 662 for any amount which, under the terms of the governing instrument, is properly paid as a gift or bequest of a specific sum of money. The regulation explaining § 663(a)(1) states that a bequest only qualifies for an exclusion under that section if the amount of money is ascertainable under the terms of the testator's will at the time of death. Treas. Reg. § 1.663(a)–1(b)(1).

Amounts distributed in satisfaction of a spouse's elected share do not come within the terms of § 663(a)(1) because such distributions are not paid "under the terms of the governing instrument." *See Lemle v. United States*, 1977 WL 1237, 77–2 USTC P 9653 (S.D.N.Y.1977). The distributions Mrs. Ham received do not, therefore, qualify for exclusion under § 663(a)(1).

## ORDER

For the foregoing reasons,

1) the plaintiff's motion for summary judgment is **DENIED,** and 2) the defendant's motion for summary judgment is **AL-LOWED.**

So ordered.